IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 JAN 23 A 9: 43

LEE VANCE THOMAS, III.,
Petitioner

v.

UNITED STATES OF AMERICA,
Respondent.

2:06cv 74·MEF

CIVIL ACTION NO.: ~~2-05-CV-363-F~~

## PETITION FOR WRIT HABEAS CORPUS
## PURSUANT 28 U.S.C. § 2241

**COMES NOW** the Petitioner, Lee Vance Thomas, III., sui juris in propria persona through pro se representation in the above styled cause, interposing **Haines v. Kerner,** 404 U.S. 519 (1972), holding non-attorney litigants to less stringent standards than formal pleadings drafted by lawyers, and respectfully moves this Honorable Court for an **ORDER** to allow the Petitioner to receive full benefits of his future participation in the 500 hour Residential Drug Abuse Treatment Program (RDAP) offered by the Federal Bureau of Prisons.

### II. BACKGROUND

On October 3, 2001, the Petitioner was sentenced, by the United States District Court for the Northern District of Mississippi and ordered, inter alia, to serve 96 months in the custody of the Federal Bureau of Prisons. At sentencing, Petitioner received a two point enhancement under the Federal Sentencing Guideline for possession of a firearm, pursuant to United States Sentencing Guidelines U.S.S.G. § 2D1.1(b)(1). The alleged firearm was clearly dismissed under counts

2 and 3 of the indictment.

On July 10, 2001, Petitioner Thomas conditionally plead guilty to (1) one count of his indictment, which charged possession with Intent to Distribute in Excess of 500 Grams of Cocaine Hydrochloride, contrary to (21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(B), in the United States District Court for the Northern District of Mississippi.

At the sentencing hearing the Court recommended that Petitioner Thomas complete the BOP's 500 hour Residential Drug Abuse Treatment Program. However, at the conclusion of Petitioner Thomas interview for the (RDAP), the BOP staff at FPC Montgomery discouraged Petitioner Thomas that he would not receive full benefits of his future participation in the (RDAP) residential drug abuse treatment program, based on the fact that Petitioner Thomas had received a sentencing enhancement under the Federal Sentencing Guidelines for a dismissed firearm in connection with his drug conviction. See, **Exhibit 1.**

The Staff based this decision on their internal Program Statement 5162.04, which indicates that a federal inmate who has been convicted under 21 U.S.C. § 841 and has received a two-level sentencing enhancement for possession of a firearm is ineligible for obtaining early release under § 3621(e)(2)(B), needless to say a dismissed firearm.

Petitioner files an Application for Habeas Corpus with this Court, to avoid the BOP wrongfully denying him a one year sentence reduction pursuant to § 3621 (e)(2)(B) because of the sentencing enhancement that he received under the sentencing guidelines for possession of a dismissed firearm in connection with his cocaine conviction. Petitioner further contends that Program Statement 5162.04, which was used by the BOP to deny him eligibility to early release,

is itself invalid and cannot therefore be used to deny him eligibility for early release. Even more updated, January of 2005, the Supreme Court declared 18 U.S.C. § 3553(b) as an unconstitutional provision of law because, it violated a defendant's provision of law Sixth Amendment right to jury trial.

### III. DISCUSSION

This Court has jurisdiction to hear this petition. A petition for writ of habeas corpus filed by a federal inmate 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. **Capaldi vv. Pontesso,** 135 F.3d 1122, 1123(6th Cir.1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). **Perez v. Hemingway,** 157 F.Supp.2d 790,793(E.D.Mich.2001).

In addition, this Court has subject matter jurisdiction over this petition, Petitioner concedes that he has exhausted his administrative remedies to seeking habeas relief. The Bureau of Prisons has a longstanding reputation for denying administrative remedies regarding the award of RDAP benefits based upon the **Lopez** decision. See,**Ex.2.** However, the Supreme Court's holding in **Lopez** is inapposite and [t]he period aprisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B).

On October 9, 1997, the Bureau of Prisons adopted a revised 28 C.F.R § 550.58. The revised regulation abandoned its earlier incorpation of the crimes-of-violence definition in 18 U.S.C. § 924

(c)(3) and adopted new criteria for determining an inmate's eligibility for early release for participation in a drug treatment program. 28 C.F.R. § 550.58(a)(1)(vi)(B) indicates that inmates whose current offense was a felony which involved "the carrying, possession or use of a firearm or other dangerous weapons or explosives" were not eligible for early release under § 3621(e)(2)(B).28 C.F.R. § 550.58 was made immediately effective on October 9, 1997, although it was not published in the Federal Register until October 15, 1997.

To aid BOP staff in understanding and implementing these amendments to Section 550.58, the BOP issued Program Statement 5162.04, "Categorization of Offense", effective October 9, 1997. Section 2 of P.S. 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Section 7 of P.S. 5162.04 further provides that BOP staff must look at sentence enhancement factors, such as possession of a firearm, which would subject a defendant to sentence enhancement under § 2D1.1 and § 2D1.11 of the Federal Sentencing Guidelines.

The Petitioner argues that because he was convicted of a nonviolent offense, the Bureau of Prisons abuse its statutory discretion in basing their decision to exclude Petitioner from consideration for early release because of the two-point sentence enhancement that he received for a dismissed firearm. The Petitioner also claims that Program Statement 5162.04, which is relied upon by the BOP to deny him eligibility for early release upon the successful completion of drug treatment. Finally, Petitioner claims that the BOP's decision to exclude him from early release violates his rights to due process and equal protection.

The United States Supreme Court has held that under § 3621 (e)(2)(B), the Bureau of Prisons has the discretion to promulgate 28 C.F.R. § 550.58 and categorically deny early release to prisoners like Petitioner whose current offense was a felony attended by the carrying, possession, or use of a firearm. **Lopez v. Davis,** 531 U.S. 230,238-43 (2001).  However, the Supreme Court in **Lopez** declined to address the issue of whether the BOP violated the notice and comment provisions of the Administrative Procedures Act (APA) when it published the 1997 regulation because the issue was not raised in the lower courts or presented in the petition for certiorari. **Lopez v. Davis,** 531 U.S. at 244, n.6

In **Bohner v. Daniels,** 243 F.Supp.2d 1171(D.Or.2003), the federal district court held that the BOP's Program Statement 5162.04 could not be used to deny early release, where the program statement was not promulgated in compliance with the notice and comment procedures of 5 U.S.C. § 553 of the Administrative Procedure Act (APA), and the rule that the program statement purported to interpret, namely 28 C.F.R. § 550.58, was likewise invalid, because it, too, had not been issued in compliance with the Administrative Procedure Act. **Id. at 1174-79.**

In so ruling, the Court in **Bohner** noted that Section 553(b) of the Administrative Procedure Act requires that "[g]eneral notice of proposed rulemaking shall be published in the Federal Register." **Bohner,** 243 F.Supp.2d at 1175 (citing 5 U.S.C. § 553(b).  Section 553(d) of the rules not less than thirty days prior to their effective date, but provides a good cause exception in subsection (d)(3). "[B]efore that exception becomes relevant, however, the agency must first justify abandoning the requirement of prior notice and comment pursuant to subsection (b)(B)." **Bohner,** 243 F.Supp.2d at 1175 (**citing, Western**

**Oil & Gas Ass'n v. United States Envtl. Prot. Agency,** 633 F.2d 803,
811-12 (9th Cir. 1980).

   The Court in **Bohner** found that the BOP had violated both Sections
553(b) and (d) of the APA in promulgating 28 C.F.R. § 550.58, because
the BOP published nothing about about this interim rule in the Federal
Register until October 15, 1997, even though the effective date of
the regulation was October 9, 1997. **Bohner v. Daniels,** 243 F.Supp.
2d at 1175. The Court further found that none of the statutory exceptions
to Section 553(b) do not apply: "(A) to interpretive rules, general
statements of policy, or rules of agency organization, procedure,
or practice; or (B) when the agency for good cause finds (and incorporates
the finding and a brief statement of reasons therefore in the rules
issued) that notice and public procedure thereon are impracticable,
unneccessary, or contrary to the public interest." The court in **Bohner**
noted that the exception found in subsection (A) did not apply because
the BOP's 1997 rule was not an interpretive rule or a general statement
of policy. **Bohner,** 243 F.Supp.2d at 1176 (citing **Gunderson v. Hood,**
268 F.3d 1149, 1154 (9th Cir. 2001); **Grier v. Hood,** 46 Fed. Appx.
433, 440 (9th Cir. 2002). The Court likewise found that the "good
cause exception" contained in Section 553(b)(3)(B) did not apply,
because nowhere in its notice in the Federal Register did the BOP
explain why the notice and comment procedure was impracticable,
unnecessary, or contrary to the public interest. **Bohner,** 243 F.Supp.
2d at 1176 (citing to 62 Fed.Reg. 536900 (Oct. 15, 1997). Because
the BOP failed to invoke the good cause exception when it promulgated
the 1997 regulation, and failed to explain why it was impracticable,
unnecessary, or contrary to the public interest, the Court found that
these procedural errors invalidated the regulation. **Id.**

   Having determined that 28 C.F.R. § 550.58 was invalid, because

it had not been promulgated in compliance with the Administrative
Procedure Act, the Court in **Bohner** concluded that Program Statement
5162.04 likewise could not be used to deny the Petitioner early release
upon successful completion of the drug treatment program.  In deciding
this issue, the Court in **Bohner,** 243 F.Supp. 2d at 1177.  The Court
in **Bohner** noted that the Ninth Circuit had ruled in **Grassi v. Hood,**
251 F.3d 1218, 1221-22 (9th Cir. 2001) that even if the 1997 interim
regulation was invalid because the BOP failed to comply with the
notice and comment requirements of the APA, the program statement
[5162.04], which predated the amended rule, would remain viable, because
it never was rescinded, nor was it expressly superseded by the later
1997 interim regulation.  However, the court in **Bohner** noted that the
Ninth Circuit subsequently held in **Gunderson v. Hood,** 268 F.3d 1149,
1155 (9th Cir. 2001) that because Program Statement 5162.04 did no
more than clarify or explain existing law, it was interpretive and
thus not subject to the requirements of the APA.  **Bohner,** 243 F.Supp.
2d at 1178.  Finally, the court in **Bohner** noted that the Ninth Circuit
had reversed that district court's denial of another habeas petitioner's
motion to amend his habeas petition to include an allegation under the
Administrative Procedure Act, stating that it would not have been futile
because it appeared the BOP violated the APA.  **Grier v. Hood,** 46 Fed.
Appx. 433(9th Cir. 2002).  The district court in **Bohner** observed that
"[G]rier did not, however, explain why it mattered that the regulation
violated the APA given **Grassi's** observation that the program statements
would survive regardless of whether the regulation complied with the
APA."  **Bohner,** 243 F.Supp.2d at 1178.

The court in **Bohner** determined that it was unnecessary to
harmonize the Ninth  Circuit precedents because regardless of whether
**Grassi** or **Gunderson** controlled, only one outcome was possible, i.e.,

the program statements may not be used to deny the petitioner early release. **Bohner v. Daniels,** 243 F.Supp.2d at 1179:

> **"First, if Grassi is correct, the 1997 program statements would deny petitioner a sentence reduction independent of the 1997 rule. If so, the program statements should have been classified as legislative rules, and promulgated in compliance with the APA's notice and comment procedures. Because they were not, they may not be relied upon to deny petitioner early release. Alternatively, if Gunderson is correct, the 1997 program statements merely interpret the 1997 rule. It has already been determined above that the 1997 rule was invalid, so there is no rule left for the 1997 program statements to interpret."** Bohner v. Daniels, 243 F.Supp. 2d at 1179.

Based on its ruling in **Bohner v. Daniels, supra,** the same district court has subsequently granted habeas relief twice on the basis that Program Statement 5162.04 was invalid because it had not been promulgated in compliance with the notice and comment procedures of the Administrative Procedure Act. **See, Pickrel v. Daniels,** 2004 WL 1445106 (D.Or.June 28, 2004); **Bernard v. Daniels,** 2004 WL 1197774 (D.Or.May 28, 2004). Another court has previously held that the BOP's Program Statement 5162.02, the predecessor to the current Program Statement 5162.04, which also indicated that certain crimes were given for firearms possession, thus rendering a prisoner convicted of such a crime ineligible for the early release program, was a legislative rule that was subject to the notice and comment requirements of the APA. **See, Wiggins v. Wise,** 951 F.Supp. 614, 619-20(S.D. W.Va. 1996).

"The Bureau of Prisons is...responsible for computing [petitioner's] sentence and applying appropriate...credit (U.S. v. Martinez, 837 F.2d 861,865-66(9th Cir.1988)." As well as the United States Supreme Court who recently declared 18 U.S.C. § 3553 (b) as an unconstitutional

provision of law because, it violated a defendant's Sixth Amendment right to jury trial, to be found guilty beyond a reasonable doubt, and also violated the Fifth Amendment's due process of law.  See, **Blakely v. Washington,** 124 S.Ct. 2531 (2004); **United States v. Booker,** 543 U.S. _____, 125 S.Ct. 738 (2005).

## IV. CONCLUSION

The Petitioner in the instant case asserts the Court that the rationale behind the district court's decision in **Bohner** was correct. "A fundamental requirement of the Administrative Procedure Act is that interested persons be given notice of proposed 'substantive' or 'legislative' regulations, and an opportunity to comment." **Maximum Home Health Care, Inc. v. Shalala,** 272 F.3d 318,321(6th Cir.2001).  If Program Statement 5162.04 denied inmates eligibility for early release independent of 28 C.F.R. § 550.58, it should have been classified as a legislative rule and promulgated in compliance with the APA's notice and comment procedures.  Because it was not, Program Statement 5162.04 may not be relied upon to deny an inmate early release.  **Bohner,** 243 F.Supp. 2d at 1179.  Alternatively, if Program Statement 5162.04 is merely interpretive of 550.58, because this interim rule is itself invalid, there is no rule left for the Program Statement to interpret. Either way, the Program Statement cannot be used to deny the Petitioner early release.

**WHEREFORE,** I ask this Court to order the BOP staff to reconsider Petitioner's request for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), without regard to Program Statement 5162.04.  Also, it is axiomatic that Petitioner being denied liberty interest and such denial by the RDAP is based on an unconstitutional provision of law is in itself a violation of the constitution, there exists no possible fashion in which to deny this request and not violate Petitioner's

Constitutional Rights under the Sixth Amendment and Due Process (i.e. a one year sentence reduction constitutes a liberty interest).  For the foregoing reasons this petition should be granted.


Done this the __19th__ day of __January__ , 2006.

LEE VANCE THOMAS, III., PRO SE
11371-042; F01-110L
YAZOO CITY COMPLEX (MEDIUM)
P.O. BOX 5888
YAZOO CITY, MS 39194-5888

## CERTIFICATE OF SERVICE

I, Lee Vance Thomas, III., hereby certify that a true and correct copy of the foregoing document has been forwarded, by United States Mail, postage prepaid, and properly addressed to:


Clerk of the Court
United States District Court
For the Middle District of Alabama
Federal Building and U.S. Courthouse
P.O. Box 711
Montgomery, AL 36101


Leura Garrett Canary
United States Attorney
P.O. Box 197
Montgomery, AL 36101


Done this the _19th_ day of _January_ , 2006.


                              LEE VANCE THOMAS, III., PRO SE
                              11371-042; F01-110L
                              YAZOO CITY COMPLEX (MEDIUM)
                              P.O. BOX 5888
                              YAZOO CITY, MS 39194-5888