# FPC MONTGOMERY, AL.
## INFORMAL RESOLUTION FORM

DATE: 5-16-05        STAFF SIGNATURE: D. Brown

INMATE NAME: LEE VANCE THOMAS, III.,        REG. NO. 11371-042        Inf. Rs.# 426

**NOTICE TO INMATE:** You are advised that prior to filing a Request for Administrative Remedy (BP-9), you **MUST** attempt to informally resolve your complaint through your unit counselor. Please follow the three (3) steps below:

1. STATE YOUR SPECIFIC COMPLAINT: I request that I receive the early release benefits as a result of my future participation in the 500hr. residential drug abuse program offered here at FPC Montgomery.

2. STATE WHAT EFFORTS YOU HAVE MADE TO INFORMALLY RESOLVE YOUR COMPLAINT: I requested that I receive early release benefits my RDAP interview with Ms. Ware; See, Exhibit: (1). I requested that I receive release benefits by way of a inmate request to staff, which I submitted to Dr. Thompson. See; Ex.(2). Both of my requests were denied.

3. STATE WHAT RESOLUTION YOU EXPECT: I request that I be given early release benefits as a result of my future participation in RDAP.

INMATE SIGNATURE: [signature]        DATE: 5-16-05

CORRECTIONAL COUNSELOR'S COMMENTS/STEPS TAKEN TO RESOLVE: Your early release is based on the two point enhancement for a weapon in your PSI. Please see attached exhibit which is part of your documentation.

COUNSELOR'S SIGNATURE: D. Brown        DATE: 5-17-05
UNIT MGR'S REVIEW: C. Alco(?)        DATE: 5-17-05

STAFF ACTION:

_____ NOT ACTED ON-STATE REASONS IN COMMENTS
_____ INFORMALLY RESOLVED
_____ NO INFORMAL RESOLUTION-(BP-9) ISSUED
_____ IF DHO or UDC, DATE FORM RETURNED TO INMATE: _____

| Inmate Form Returned to Counselor | BP-9 Given to Inmate | BP-9 Returned from Inmate | BP- Delivered to A/W |
|---|---|---|---|
| Date: 5-16-05 | 5-18-05 | 5-18-05 | 5-20-05 |
| Time: 1:30 pm | 11:45 am | 1:14 pm | 9:00 am |
| Counselor: D. Brown | D. Brown | D. Brown | [signature] |

SCANNED

**U.S. DEPARTMENT OF JUSTICE**       INSUFF                           **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons                                              5-18-05 #414

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __THOMAS, LEE V., III.__   __11371-042__   __MON-H__   __FPC MONTGOMERY__
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A- INMATE REQUEST   **INSUFFICIENT SPACE**   See... **ATTACHMENT**

__5-18-05__                                            _____
DATE                                                   SIGNATURE OF REQUESTER

Part B- RESPONSE




_____                              _____
DATE                                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

                                                       CASE NUMBER: __376861-F1__

ORIGINAL: RETURN TO INMATE
                                                       CASE NUMBER: __376861-FL__

Part C- RECEIPT
Return to: __THOMAS, LEE V. III__   __11371-042__   __MON__   __FPC, Montgomery__
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

ATTACHMENT

I hereby appeal the RDAP's denial of my BP-8½ on the following grounds:

1. I am being denied the one year sentence reduction upon completion of the RDAP based on the fact that I received a two level sentence enhancement for possession of a fire arm during a drug trafficking offense (i.e. the enhancement was imposed under 18 U.S.C. §3553(b) of the United States Sentnecing Guidelines §2D1.1(b)(1)).

2. The United States Supreme Court recently declared 18 U.S.C. §3553(b) as an unconstitutional provision of law because, it violated a defendant's Sixth Amendment right to jury trial, to be found guilty beyond a reasonable doubt, and also violated the Fifth Amendment's due process of law. See Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005).

WHEREFORE, it is axiomatic that I am being denied a liberty interest and such denial by the RDAP is based on an unconstitutional provision of law. Consequently, because relying on an unconstitutional provision of law is in itself a violation of the constitution, there exists no possible fashion in which to deny this request and not violate my Constitutional Righs under the Sixth Amendment and Due Process (i.e. a one year sentence reduction constitutes a liberty interest). For the foregoing reasons this petition should be granted.

Respectfully submitted,

[signature]

| U.S. Department of Justice | RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY |
|---|---|
| Federal Bureau of Prisons | |

| From: | Thomas, Lee | 11371-042 | Montgomery H | FPC Montgomery |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part B- RESPONSE**

Remedy ID - 376861-F1

This is in response to your Request for Administrative Remedy receipted May 20, 2005, in which you are seeking to receive early release benefits upon your completion of the Residential Drug Abuse Program (RDAP).

Program Statement 5330.10, Drug Abuse Programs Manual, Inmate, provides in Section 6.1.1 that, "... as an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...inmates whose current offense is a felony...that involved the carrying, possession, or use of a firearm or other dangerous weapons or explosives...." In addition, Program Statement 5162.04, Categorization of Offenses, provides in Section 7(b) that an inmate who was convicted of a drug offense under 21 U.S.C. 841 who also receives a two-level enhancement of possession of a firearm has been convicted of an offense that will preclude 3621(e) eligibility for early release. The authority of the Bureau of Prisons to make this determination has been affirmed by the U.S. Supreme Court in Lopez v. Davis.

A review of your Presentence Investigation Report and Judgment in a Criminal Case confirms that you were convicted of a drug offense and that you received a two-level enhancement for possession of a firearm. Accordingly, based upon the above cited policies and Supreme Court decision, you are ineligible for 3621(e) early release. Therefore, your request for relief is denied.

In accordance with Program Statement 1330.13, Administrative Remedy Program, "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."

5/25/05
DATE

[signature]
WARDEN



**U.S. Department of Justice**
**Federal Bureau of Prisons**
*Federal Prison Camp*

Maxwell Air Force Base
Montgomery, Alabama 36112

May 20, 2005

MEMORANDUM FOR   David Thompson, Drug Treatment Coordinator

FROM:   *Jamie Douglas*
Lear Taylor-Cruz, Administrative Remedy Clerk

SUBJECT:   BP-9 Investigation/Response THOMAS, Lee V., III  Reg. No.: 11371-042

Please investigate the attached BP-9, receipted **May 20, 2005,** and prepare a typed, final response. The response should be submitted via LAN and hard copy through the Associate Warden by **May 25, 2005.**

The first paragraph of the response should note the date receipted as reflected in this memorandum. Summarize the inmate's complaints/allegations and requested remedy. In paragraph two and subsequent paragraphs, identify staff investigation and review of complaints/allegations; personalize response without using names; be responsive, address each issue; and state policy, quoting when and where appropriate. The response shall be written so that it could be released to any inmate and to the general public under the Freedom of Information and Privacy Acts.

**The last paragraph of the response should be the recommendation for relief, e.g., "Your appeal is denied," "Relief is granted," "Your appeal is granted in part and denied in part," etc.**

You should always first talk with the inmate who submitted the BP-9. In many cases, the BP-9 may still be handled informally at this stage. If this is done, the inmate will need to sign and date the BP-9 original stating he withdraws it, and the investigator will sign as a staff witness. If the BP-9 is not informally resolved or withdrawn at this stage, the investigator should talk to all parties concerned in the complaint.

If you have any questions or need any help, please contact me immediately.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

*10B 6-2-05 #213*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __THOMAS, LEE V., III.__     __11371-042__     __BHM-F__     __FPC MONTGOMERY__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　　UNIT　　　INSTITUTION

Part A—REASON FOR APPEAL　__INSUFFICIENT SPACE__　See... __ATTACHMENT__

__6/02/05__
DATE

_____
SIGNATURE OF REQUESTER

Part B—RESPONSE

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

CASE NUMBER: _____

ORIGINAL: RETURN TO INMATE

Part C—RECEIPT

CASE NUMBER: _____

Return to: _____　_____　_____　_____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

## ATTACHMENT

The Warden's denial to my BP-9 is based on the fact that Program Statement 5162.04 precludes inmates from eligibility for early release. However, as set forth in my BP-9, any reliance by the BOP on sentence enhancements constitutes reliance on an unconstitutional provision of law. See, **United States v. Booker**, 543 U.S. ---, 125 S.Ct. 738 (2005)(holding that 18 U.S.C. § 3553(b) U.S.S.G. is an unconstitutional provision of law which violates a defendant's Sixth Amendment right to trial and to be found guilty beyond a reasonable doubt).

It is true, the Court in **Lopez v. Davis**, granted the BOP discretion to interpret policy. However, policy is no longer a question here. Under **Booker**, the BOP does not have discretion to apply an unconstitutional law thus, in the new world of **Booker**, Policy Statement 5162.04 is unconstitutional because it relies on sentence enhancements which were declared by the Supreme Court to be unconstitutional. See, **Booker**.

Based upon the foregoing reasons, this appeal should be granted.

Respectfully submitted,

Lee Vance Thomas, III

Regional Administrative Remedy Appeal No. 376861-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted June 6, 2005. You allege the Bureau of Prisons (BOP) did not take into account court precedent which you state prohibits the Bureau of Prisons from using Program Statement 5162.04, <u>Categorization of Offenses</u> to deny you early release. As relief, you seek to have your eligibility for early release provisionally approved.

Program Statement 5162.04, <u>Categorization of Offenses</u>, states that inmates convicted of an offense listed in Section 7 may be denied certain Bureau program benefits, including early release pursuant to 18 U.S.C. § 3621(e). You were convicted of Possession with Intent to Distribute Cocaine Hydrochloride in violation of 21 U.S.C. § 841 (A)(1), (B)(1)(B). During your sentencing, the court made a finding on whether or not your offenses warranted an enhancement. You received a Specific Offense Characteristic Enhancement of two points for possession of a firearm.

Under the Director's discretion, the Bureau is authorized to withhold certain Bureau benefits including early release if an instant offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." The Court's decision to issue you a two point enhancement meets the aforementioned criteria.

The sentencing court issued you a two point Specific Offense Characteristic. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your Pre-sentence Investigation Report (PSI) is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

_6-22-05_
Date

_[signature]_
Regional Director, SERO

```
LEE VANCE THOMAS III, 11371-042
ATLANTA USP     UNT: DET 2     QTR: J01-119L
601 MCDONOUGH BLVD SE
ATLANTA,  GA 30315
```



RECEIVED

SEP 1 3 2005

WARDEN'S OFFICE
U.S.P. ATLANTA, GA

| U.S. Department of Justice | Central Office Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Thomas, Lee Vance__  __11371-042__  __Birmingham__  __FPC Montgomery__
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

I hereby respectfully appeal the Southeast Regional Office's denial of my appeal. As grounds for the granting of this appeal I reiterate all arguments and claims presented in my BP-8½, BP-9, and BP-10. Based on the foregoing reasons I pray this Office grants me the relief requested by granting me the one year sentence reduction upon successful completion of the RDAP.

Respectfully submitted,

__7/5/05__                                         __Lee V. Thomas III__
   DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
JUL 12 2005
ADMINISTRATIVE REMEDY BRANCH

_____ DATE                           _____ GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                       CASE NUMBER: __376861-A1__

**Part C—RECEIPT**                               CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

Administrative Remedy No. 376861-A1
Part B - Response

This is in response to your Central Office Administrative Remedy in which you appeal your ineligibility for early release consideration pursuant to 18 U.S.C. § 3621(e). You contest the reliance on sentencing enhancements to preclude your eligibility for early release.

18 U.S.C. § 3621(e) provides the Director of the Bureau of Prisons (BOP) the discretion to grant a sentence reduction of not more than one year upon the successful completion of the Residential Drug Abuse Program (RDAP). Pursuant to 28 C.F.R. § 550.58 and Program Statement 5330.10, <u>Drug Abuse Programs Manual</u>, the Bureau is authorized to deny inmates early release eligibility if, in the Director's discretion, the current offense "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." Furthermore, on January 10, 2001, in <u>Lopez v. Davis</u>, the United States Supreme Court upheld 28 C.F.R. § 550.58 as a permissible exercise of discretion by the Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).

Bureau records reflect you were convicted of Possession with Intent to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). At sentencing, and as part of your U.S. Sentencing Guidelines sentence, the Court determined you were in possession of a weapon at the time of your offense and applied a two-point enhancement as a Specific Offense Characteristic. In accordance with Program Statement 5162.04, <u>Categorization of Offenses</u>, Section 7.b., the Bureau used the sentencing court's imposition of the two-point enhancement as evidence that you met this criteria. There is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the above-referenced statute, regulation, and program statements.

The case cited in your appeal does not change the analysis of your case insofar as the sentencing court's imposition of the enhancement for your current offense has not been modified or otherwise vacated by a court with appropriate jurisdiction. Additionally, we find that the information in your Pre-Sentence Investigation Report (PSR) is sufficiently reliable to justify the decision.

Based on the above information, your appeal is denied.

_September 2, 2005_
Date

Harrell Watts, Administrator
National Inmate Appeals

EXHIBIT 1

| To<br>Thomas, Lee | Reg No. 11371-042 |
|---|---|
| From<br>Dr. David A. Thompson | Institution FPC Montgomery |
| Title<br>RDAP Coordinator | Date April 7, 2005 |

### SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you (_x_ DO ___ DO NOT) meet the admission's criteria for the Residential Drug Abuse Program. It appears that you (_x_ DO ___ DO NOT) qualify to participate in the Residential Program. State the reason(s) below.

Comments

### SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| _x_ Not an INS detainee. | _x_ Not a pre-trial inmate. |
|---|---|
| _x_ Not a contractual boarder. | _x_ Not an "old law" inmate. |
| _x_ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | ___ Not a crime of violence as contained in BOP Categorization of Offenses policy.<br>___ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| _x_ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it ( ___ DOES _x_ DOES NOT) appear that you are provisionally eligible for early release. If not, list ALL the reason(s).

Comments
+2 enhancement for firearm

If applicable, I understand that a determination of early release for me is provisional, may change, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign) | Refused to sign<br>___ Yes  _X_ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM

EXHIBIT 2

| TO: (Name and Title of Staff Member) Dr. David A. Thompson, Coordinator RDAP | DATE: April 10, 2005 |
|---|---|
| FROM: Lee Vance Thomas, III | REGISTER NO.: 11371-042 |
| WORK ASSIGNMENT: Food Service | UNIT: Montgomery H-Wing |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Thank you for the RDAP notice dated April 7, 2005.

I note that the notice states that I would not be eligible for early release pursuant to section 3621(e).

Please advise me which BOP Program Statement you are using as the basis for this decision.

Respectfully submitted,



Lee V. Thomas III

(Do not write below this line)

DISPOSITION:

Your ineligibility is based on the two point enhancement for a weapon in your PSI. This is covered under Lopez v. Davis Decision. Please see your Case Manager for any additional details.

Signature Staff Member | Date