IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LEE VANCE THOMAS III, #11371-042           *

    Petitioner,                                            *

    v.                                                           *           2:06-CV-74-MEF
                                                                             (WO)
UNITED STATES OF AMERICA               *

    Respondent.                                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Lee Thomas ["Thomas"], a federal inmate confined at the Yazoo City Complex, a federal correctional facility located in Yazoo City, Mississippi. In this petition, Thomas seeks to challenge the Bureau of Prisons' ("BOP") decision to deny him eligibility for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) due to the fact that he received a two-level sentence enhancement for possession of a firearm in connection with his drug conviction. According to Thomas, the Program Statement relied on by the BOP to deny him eligibility for early release is invalid and, therefore, cannot be used to deny him eligibility for early release.

**DISCUSSION**

A 28 U.S.C. § 2241 petition for habeas corpus relief must be filed in the district court in which the petitioner is incarcerated. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v.*

*United States*, 566 F.2d 526, 527 (5th Cir. 1978). Thomas is presently incarcerated at the Yazoo City Complex located in Yazoo City, Mississippi. This correctional facility is located within the jurisdiction of the United States District Court for the Southern District of Mississippi. Thus, this court lacks jurisdiction to consider the habeas corpus petition filed by Thomas. *Plain*, 748 F.2d at 621. However, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Southern District of Mississippi for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Mississippi pursuant to the provisions of 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before February 13, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 31st day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE